Marcus B. Smith, Esq. (Bar No. 14790)
Marcus Smith Law, LLC
201 West Tabernacle Street
St. George, Utah 84770
Email: marcus.bret.smith@gmail.com
Telephone: (385) 386-2950

*Attorney for Michelle Skinner*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | |
|---|---|
| MICHELLE SKINNER, *an individual*,<br><br>Plaintiff,<br><br>v.<br><br>OCNIC SL LP, *a Utah limited partnership*,<br><br>Defendant. | **COMPLAINT FOR EMPLOYMENT DISCRIMINATION**<br><br>JURY DEMAND<br><br>CIVIL NO. ________________________ |

Plaintiff MICHELLE SKINNER brings this action against Defendant OCNIC SL LP for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and corresponding state law, and in support alleges the following:

## JURISDICTION AND VENUE

1. This Complaint seeks remedies pursuant to Title VII and corresponding state law. Jurisdiction is therefore conferred upon this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Venue is proper in the District of Utah, Northern Division, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the Complaint occurred in Logan, Utah.

/ / /

## PARTIES

3. Plaintiff incorporates all preceding paragraphs.

4. Plaintiff Michelle Skinner is a resident of Logan, Utah. At all relevant times, she was employed by Defendant OCNIC SL LP at its hotel facility located at 169 East Center Street, Logan, Utah.

5. Defendant OCNIC SL LP is a Utah limited partnership that owns and operates the hotel facility at 169 East Center Street, Logan, Utah. Defendant employs more than 15 employees and is an "employer" within the meaning of Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff incorporates all preceding paragraphs.

7. Defendant discharged Plaintiff on July 14, 2024.

8. Plaintiff filed a timely Charge of Discrimination with the Utah Antidiscrimination and Labor Division and Equal Employment Opportunity Commission (EEOC), Charge No. 540-2025-00675, on or about November 9, 2024.

9. On March 31, 2025, the EEOC issued a Notice of Right to Sue to Plaintiff.

10. Plaintiff has filed this Complaint within ninety (90) days of receiving the Notice.

11. She has therefore exhausted all administrative remedies and timely brings this action under Title VII.

## FACTUAL BACKGROUND

12. Plaintiff incorporates all preceding paragraphs.

13. Plaintiff began working for Defendant OCNIC SL LP in or around October 2022 as a Housekeeper.

14. Due to her consistent performance and reliability, she was later promoted to Housekeeping Supervisor.

15. In or around June 2024, Defendant hired a new Maintenance Worker named "Gibbs" (last name unknown). Almost immediately after his hire, Gibbs began targeting Plaintiff with sexually harassing behavior that escalated in frequency and intensity.

16. Gibbs repeatedly made crude, sexually suggestive jokes in Plaintiff's presence.

17. For example, on one occasion, he approached Plaintiff and said, "How do you make Lady Gaga cry?" and then answered, "Poke-her face."

18. Such jokes plainly referenced a sexual act and were delivered with a suggestive tone, causing Plaintiff serious discomfort.

19. In addition to verbal harassment, Gibbs also directed inappropriate gestures at Plaintiff. On at least two occasions he pretended to slap her buttocks, often while she was performing her job duties.

20. One such incident occurred while Plaintiff was bent over cleaning a bathtub. Gibbs approached her from behind and pretended to spank her, causing Plaintiff to feel degraded and unsafe.

21. Gibbs also engaged in other inappropriate conduct, such as persistently asking intrusive questions about Plaintiff's romantic relationship. These inquiries were personal, sexualized, and entirely unrelated to any legitimate workplace communication.

22. For example, Gibbs, a Latino, would regularly pressure Plaintiff about her dating preferences, telling her she "should be with a Latino man instead of a white guy." These repeated

comments were unwelcome and made Plaintiff deeply uncomfortable, as they intruded into her private life and reinforced the sexually charged atmosphere he created.

23. Plaintiff found Gibbs' behavior unwelcome, offensive, and threatening. The pattern of sexual harassment created a hostile work environment that interfered with her ability to perform her job safely and comfortably.

24. On or about July 13, 2024, Plaintiff reported Gibbs' conduct to her supervisor, the Property Manager "Brenda" (last name unknown). Plaintiff made the report in good faith, believing that the company would investigate and take action to ensure a safe workplace.

25. Rather than investigate or take remedial steps, Brenda took no action to protect Plaintiff or address the harassment.

26. The very next day, on or about July 14, 2024, Plaintiff was abruptly terminated from her employment.

27. Plaintiff had no prior disciplinary record and no documented performance concerns.

28. Her termination occurred less than twenty-four (24) hours after reporting the sexual harassment.

29. Defendant's decision to terminate Plaintiff immediately after she reported workplace misconduct constitutes clear and unlawful retaliation for engaging in protected activity under Title VII.

30. As a result of Defendant's conduct, Plaintiff has suffered lost income, loss of professional reputation, emotional distress, anxiety, humiliation, and other damages.

/ / /

/ / /

## CAUSES OF ACTION

### COUNT I

### Sex Discrimination and Hostile Work Environment in Violation of Title VII

### (42 U.S.C. § 2000e-2)

31. Plaintiff incorporates all preceding paragraphs.

32. Plaintiff is a woman and a member of a protected class under Title VII.

33. Plaintiff was subjected to unwelcome sexual conduct, including lewd jokes, sexual gestures, and repeated intrusions into her private life by a male coworker.

34. The conduct was severe, pervasive, and offensive, creating a hostile and abusive working environment.

35. Plaintiff complained to her Property Manager about the harassment, however, Defendant failed to take any prompt remedial action.

36. Defendant is liable for the hostile work environment created by its employee and for its own failure to protect Plaintiff.

37. As a result, Plaintiff has suffered and continues to suffer damages including but not limited to emotional distress, reputational damage, and lost wages and benefits.

### COUNT II

### Retaliation in Violation of Title VII

### (42 U.S.C. § 2000e-3)

38. Plaintiff incorporates all preceding paragraphs.

39. Plaintiff engaged in protected activity by reporting sexual harassment to her Property Manager.

40. Within approximately twenty-four (24) hours of making her report, she was terminated.

41. Defendant's adverse action was causally connected to her protected activity and was motivated by retaliatory intent.

42. Defendant's retaliatory termination violates Title VII.

43. As a direct and proximate result, Plaintiff has suffered damages including lost wages, emotional distress, and mental anguish.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

a) An award of all back pay, lost wages, and benefits;

b) Front pay in lieu of reinstatement;

c) Compensatory damages for emotional distress and mental suffering;

d) Punitive damages as permitted by law;

e) Pre-judgment and post-judgment interest;

f) Reasonable attorneys' fees and costs under 42 U.S.C. § 2000e-5(k);

g) A declaratory judgment that Defendant violated Plaintiff's rights under Title VII; and

h) Any other relief the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

Plaintiff hereby certifies that this Complaint is not being filed for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, and is supported by existing law and factual contentions that have evidentiary support, in compliance with Federal Rule of Civil Procedure 11.

Dated June 30, 2025.

Marcus Smith
MARCUS B. SMITH
*Attorney for Plaintiff*